TROY LEE HARMS V STATE OF TEXAS



 NO. 07-01-0492-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 14, 2002


______________________________



TROY LEE HARMS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 34,541-E; HON. ABE LOPEZ, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Appellant, Troy Lee Harms, appeals from a judgment revoking his community
supervision, adjudicating his guilt, and sentencing him to prison for fifteen years. 
Sentence was pronounced in open court on November 15, 2001. Thus, the appellate
record was due by January 14, 2002. Tex. R. App. P. 35.2(a). Though the reporter's
record has been received, the clerk's record has not. Furthermore, according to the court
clerk, the record has not been developed because: 1) she has not received an order from
the trial court to develop same; 2) she has not received payment nor an affidavit of inability
to pay from appellant; and 3) appellant has not made arrangements to pay for same. 

 Accordingly, we now abate this appeal and remand the cause to the 108th District
Court of Potter County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; 

 3. whether counsel has been appointed to prosecute this appeal;

 4. if counsel has not been appointed, whether appellant is entitled to appointed 
 counsel; and

 5. whether the appellant is entitled to the preparation of a free clerk's record. 

The trial court shall cause the hearing to be transcribed. Furthermore, the trial court shall
execute findings of fact and conclusions of law addressing the aforementioned issues and
disclosing the name, address, state bar number, and telephone and fax numbers of
counsel appointed, if any. The district court shall also cause to be developed 1) a
supplemental clerk's record containing the findings of fact and conclusions of law and all
orders of the district court issued as a result of its hearing on this matter, and 2) a
reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall cause the supplemental
clerk's record to be filed with the clerk of this court on or before March 18, 2002. Should 

further time be needed by the trial court to perform these tasks, then same must be
requested before March 14, 2002. 

 It is so ordered. 

 Per Curiam 

 Do not publish. 

 



d to be filed with the clerk of this court on or before January 5, 2007. Should
additional time be needed to perform these tasks, the trial court may request same on or
before January 5, 2007.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2006).